Daniel B. Beck, Esq. (SBN: 63865)
Mahsa Gholami, Esq. (SBN: 235634)
BECK LAW, P.C.
2681 Cleveland Avenue
Santa Rosa, California 95403
Telephone:   (707) 576-7175
Facsimile:    (707) 576-1878

Attorneys for Defendants,
Tarasco Enterprises, Inc., dba Puerto
Vallarta Restaurant; H. Michael Richardson
and Robin Richardson, as Trustees of the
Richardson Family Trust

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN DELIL,<br><br>   Plaintiff,<br><br>v.<br><br>TARASCO ENTERPRISES, INC., dba PUERTO VALLARTA RESTAURANT; H. MICHAEL RICHARDSON AND ROBIN R. RICHARDSON, AS TRUSTEES OF THE RICHARDSON FAMILY TRUST; and DOES 1-25 Inclusive,<br><br>   Defendants. | Case No.:   C 07-04715<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants TARASCO ENTERPRISES INC., DBA PUERTO VALLARTA RESTAURANT, H. MICHAEL RICHARDSON AND ROBIN R. RICHARDSON, AS TRUSTEES OF THE RICHARDSON FAMILY TRUST, (hereinafter referred to collectively as "DEFENDANTS") hereby submit the following Answer to the complaint filed by Plaintiff HOLLYNN DELIL (hereinafter referred to as "PLAINTIFF").

1. In response to paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein.

2. In response to paragraph 2 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein.

3. In response to paragraph 3 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein.

4. In response to paragraph 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein.

5. In response to paragraph 5, line 16, of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein.

6. In response to paragraph 6 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein.

7. In response to paragraph 7 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein.

8. In response to paragraph 8, lines 9 through 13, of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein.

9. In response to paragraph 9, lines 14 through 15 and lines 17 through 20, of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein.

10. In response to paragraph 10, lines 6 through10, of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein.

11. In response to paragraph 11 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein.

12. In response to paragraph 12 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein.

13. In response to paragraph 13 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein.

14. In response to paragraph 14 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained herein.

15. In response to paragraph 15, lines 15 through 23 of the Complaint, Defendants deny each and every allegation contained therein. Plaintiff alleges "Ms. Delil sent the restaurant manager and owner a letter which, among other things, advised that she had encountered numerous barriers to access at the property and restaurant." However, none of the Defendants received any such letter. Furthermore, Plaintiff states that "Ms. Delil's April 23, 2007 letter is incorporated by reference herein as if set forth in full," but yet Plaintiff fails to provide any such letter as an attachment to the Complaint.

16. In response to paragraph 16 of the Complaint, Defendants admit that Plaintiff Delil never received a reply letter from the Defendants given that Defendants never received an initial letter from Plaintiff Delil and thus had no basis to provide Plaintiff with a response letter.

17. In response to paragraph 17 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained herein.

19. In response to paragraph 19, lines 11 through 14 and lines 19 through 25, of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each an every allegation contained herein. Furthermore, in response to paragraph 19, lines 15 through 19 and lines 25 through 26, of the Complaint, Defendants deny each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained herein.

28. In response to paragraph 28, lines 7-9, of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained herein.

29. In response to paragraph 29 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained herein.

30. In response to paragraph 30 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained herein.

31. In response to paragraph 31 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained herein.

32. In response to paragraph 32 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained herein.

### FIRST AFFIRMATIVE DEFENSE

1. As to a first affirmative defense, Defendants assert that, assuming arguendo, someone acted to cause Plaintiff harm, said actions were without the knowledge, consent, authorization or ratification of Defendants.

### SECOND AFFIRMATIVE DEFENSE

2. As to a second affirmative defense, Defendants assert that Plaintiff's alleged damages or injuries, if any there were, occurred as a result of Plaintiff's own failure to properly mitigate her

own damage, and/or were aggravated by Plaintiff's failure to use reasonable diligence to mitigate the damages.

### THIRD AFFIRMATIVE DEFENSE

3.  As to the third affirmative defense, Defendants assert that Plaintiff was negligent in and about the matters referred to in the Complaint and that said negligence proximately and concurrently contributed to the happening of events herein referred to and the damages alleged, if any there were, and that said negligence bars or proportionately reduces the recovery by Plaintiff, if any, herein.

### FOURTH AFFIRMATIVE DEFENSE

4.  As to the fourth affirmative defense, Defendants assert that by reason of Plaintiff's own acts or omissions, Plaintiff has waived her right, if any she had, to maintain this action.

### FIFTH AFFIRMATIVE DEFENSE

5.  As to the fifth affirmative defense, Defendants assert that each and all of Plaintiff's claims and causes of action are barred by the Doctrine of Unclean Hands and laches.

### SIXTH AFFIRMATIVE DEFENSE

6.  As to the sixth affirmative defense, Defendants assert that each and all of Plaintiff's claims and causes of action are barred because Plaintiff acted in pari delicto with regard to the allegations in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

7.  As to the seventh affirmative defense, Defendants assert that each and all of Plaintiff's claims and causes of action must fail because each claim is barred by the applicable Statute of Limitations.

### EIGHTH AFFIRMATIVE DEFENSE

8.  As to the eighth affirmative defense, Defendants assert that the alleged acts or omissions of Defendants were not outrageous, intentional, or reckless, and Plaintiff did not suffer severe emotional distress as a result of Defendants' alleged acts or omissions.

### NINTH AFFIRMATIVE DEFENSE

9.  As to the ninth affirmative defense, to the extent that Plaintiff did suffer any symptoms of mental or emotional distress or injury, they were the result of a pre-existing condition or alternative concurrent cause, and not the result of any acts or omissions of Defendants.

### TENTH AFFIRMATIVE DEFENSE

10. As to the tenth affirmative defense, Defendants assert that Plaintiff's complaint fails to state facts sufficient to permit recovery of treble damages against Defendants pursuant to Civil Code Section 54.3.

### ELEVENTH AFFIRMATIVE DEFENSE

11. As to the eleventh affirmative defense, assuming arguendo that Defendants perpetrated any of the acts alleged in Plaintiffs' complaint, the acts were undertaken without malice.

### TWELFTH AFFIRMATIVE DEFENSE

12. As to the twelfth affirmative defense, Plaintiff's alleged injuries or damages, if any, were not proximately caused by the acts of Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As to the thirteenth affirmative defense, if any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiff, or by other factors other than by Defendants. Furthermore, as Plaintiff did not exercise ordinary care on her own behalf, her own acts and omissions proximately caused

and contributed to the loss, injury, damage, or detriment alleged by Plaintiff, and Plaintiff's recovery from Defendants, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.  Defendants contend that they are entitled to attorneys' fees and costs under Code of Civil Procedure § 1038 given that Plaintiff's complaint, as to Defendants, is without merit.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of this complaint, that the Complaint be dismissed in its entirety;
2. That judgment be rendered in favor of Defendants and against Plaintiff;
3. That Defendants be awarded its attorneys' fees and costs of suit herein; and
4. That Defendants be awarded such other and further relief as the Court deems proper.

DATED: November 16, 2007

BECK LAW, P.C.

By: _____
Mahsa Gholami, Esq.
Attorney for Defendants

## PROOF OF SERVICE

| | |
|---|---|
| CASE NAME: | HOLLYNN DELIL V. TARASCO ENTERPRISES, INC., dba PUERTO VALLARTA RESTURANT |
| COURT and CASE NO.: | DISTRICT COURT NORTHERN CALIFORNIA OF CALIFORNIA |
| DOCUMENT NAME: | **DEFENDANTS' ANSWER TO COMPLAINT** |

I declare as follows:

I am over the age of 18 years and not a party to the above-entitled action or proceeding; that my business name and address is: Beck Law, P.C., 2681 Cleveland Avenue, Santa Rosa, CA 95403. On **November 16, 2007**, I caused to be served said document on the following parties involved as follows:

**Sidney J. Cohen, Esq.**
**Sidney J. Cohen Professional Corporation**
**427 Grand Avenue**
**Oakland, CA 94610**

__XX__ BY MAIL: I caused each such envelope above, with postage thereon fully prepaid, to be placed in the United States mail at Santa Rosa, CA. (CCP §1013(a)(1)).

____ BY PERSONAL DELIVERY: I caused each such envelope to be delivered by hand to the offices of each addressee noted. (CCP §1010).

____ VIA FACSIMILE TRANSMISSION. (CCP §1013).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **November 16, 2007**, in Santa Rosa, CA.

_____
Kimala Krchnavi