1  SIDNEY J. COHEN, ESQ., State Bar No. 39023
   SIDNEY J. COHEN PROFESSIONAL CORPORATION
2  427 Grand Avenue
   Oakland, CA 94610
3  Telephone: (20) 893-6682
   Facsimile:  (510) 893-9450
4
   Attorneys for Plaintiff
5  HOLLYNN DELIL

6              UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8  HOLLYNN DELIL                    CASE NO. C 07-04715 MHP
                                    Civil Rights
9       Plaintiff,

10 v.

11 TARASCO ENTERPRISES,             STIPULATION AND ORDER
   INC., dba PUERTO                 FOR DISMISSAL OF THE
12 VALLARTA RESTAURANT;             INJUNCTIVE RELIEF ASPECT OF
   H. MICHAEL RICHARDSON            THE LAWSUIT ONLY
13 AND ROBIN R. RICHARDSON,
   AS TRUSTEES OF THE               FRCP 41(a)(1)(ii)
14 RICHARDSON FAMILY
   TRUST; and DOES 1-25,
15 Inclusive,

16     Defendants.
   _____/

17      Plaintiff and defendants, by and through their attorneys of record, file this

18 "Stipulation and Order of Dismissal Of The Injunctive Relief Aspect Of The

19 Lawsuit Only" pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).

20      Plaintiff filed this lawsuit on September 13, 2007.

21      Plaintiff and defendants have entered into a "Mutual Release And

22 Settlement Agreement For Injunctive Relief Only" which settles the injunctive

23 relief aspect of the lawsuit against defendants. The "Mutual Release And

24 Settlement Agreement For Injunctive Relief Only" is attached as Exhibit A and

25 is incorporated by reference herein as if set forth in full. Paragraph IID of the

26 "Mutual Release And Settlement Agreement For Injunctive Relief Only" states

27 in part that "The Court shall retain jurisdiction to enforce the terms of this

28 Settilement Agreement....."

Stipulation And Order For Dismissal        -1-

1   Plaintiff moves to dismiss with prejudice the injunctive relief aspect of
2   the lawsuit against defendants.
3   Defendants, who have answered the complaint, agree to the dismissal of
4   the injunctive relief aspect of the lawsuit with prejudice.
5   This case is not a class action, and no receiver has been appointed.
6   The damages and attorney's fees, litigation expenses, and costs aspects of
7   the lawsuit have not been settled and are the subject of continuing litigation.
8   This Stipulation and Order may be signed in counterparts, and facsimile
9   signatures shall be as valid and binding as original signatures.
10  Wherefore, Plaintiff and Defendants, by and through their attorneys of
11  record, so stipulate.

12  Date: 3/11/08                        SIDNEY J. COHEN
                                         PROFESSIONAL CORPORATION
13
                                         /s/ Sidney J. Cohen
14
                                         _____
                                         Sidney J. Cohen
15                                       Attorney for Plaintiff

16  Date: 3/10/08                        BECK LAW, P.C.

17                                       /s/ Daniel B. Beck
                                         _____
18                                       Daniel B. Beck
                                         Attorney for All Defendants
19
20  **PURSUANT TO STIPULATION OF THE PARTIES, IT IS SO ORDERED:**

21  The injunctive relief aspect of the lawsuit against defendants is dismissed
22  with prejudice. The Court shall retain jurisdiction to enforce the parties' "Mutual
23  Release And Settlement Agreement For Injunctive Relief Only." The damages
24  and attorney's fees, litigation expenses, and costs aspects of the lawsuit is the
25  subject of continuing litigation.
26  Date: March 18, 2008

                                         Marilyn _____
27                                       United States _____

28

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT
## FOR INJUNCTIVE RELIEF ONLY

This Mutual Release and Settlement Agreement ("Agreement") is entered into by Hollynn Delil ("Plaintiff") and Tarasco Enterprises, Inc. dba Puerta Vallarta Restaurant and H. Michael Richardson And Robin R. Richardson As Trustees Of The Richardson Family Trust ("Defendants").

This Agreement is intended by all parties to be binding in its entirety on themselves, their heirs, representatives, administrators, executors, agents, employees, officers, directors, predecessors, successors, subsidiaries, parent companies, partners, joint venturers, administrators, attorneys, receivers, trustees, assigns, insurers, and other beneficiaries or related entities of whatever kind.

### I. RECITAL

1. Disputes have arisen between the parties with respect to the their rights and obligations to each other in connection with that certain action in the United States District Court, entitled <u>Hollyn Delil v.Tarasco Enterprises, Inc., dba Puerta Vallarta Restaurant; H. Michael Richardson And Robin R. Richardson, As Trustees Of TheRichardson Family Trust; and Does 1-25, Inclusive</u>, Case No. C 07-4715, hereafter "the lawsuit."

2. The parties desire to resolve all differences and disputes between them with respect to the injunctive relief aspect of the lawsuit by compromise and settlement.

### II. RELEASE AND AGREEMENT

In consideration of the promises, releases, and other consideration as set forth below, it is agreed by and among the parties as follows:

## Injunctive Relief Scope of Work

A.  Enclosed as **Exhibit 1** is a copy of the list of items that Plaintiff asserts are not in compliance with federal and state disabled access laws and regulations and which Defendants need to bring into compliance.

Defendants agree to perform the work necessary to bring the following items into compliance with federal and state disabled access laws and regulations:

- Parking: items 2 through 6.
- Entrance: items 7 through 9.
- Accessible Route: item 11
- Interior: item 14
- Men's Restroom: items 16 through 28.
- Women's Restroom: items 29 through 39.

With respect to Parking item 1, Defendants represent that there are only approximately 70 parking spaces. Plaintiff agrees that there is no work required to be performed for this item if Defendants' representation is accurate.

With respect to Accessible Route item 10, Plaintiff agrees that there is no work required to be performed for this item.

With respect to Accessible Route item 13, Defendants represent that the stairs between Trader Joe's parking lot and Puerto Vallarta's parking lot are on Trader Joe's property only. Plaintiff agrees that there is no work required to be performed by Defendants if their representation is accurate.

With respect to Interior item 15, Defendants agree 1) to provide a lowered

section in accordance with California laws and regulations if bar construction took place in 1994 or thereafter or 2) to provide table service in accordance with the Americans With Disabilities Act and guidelines if no bar construction took place in 1994 or thereafter.

### Time for Performance of Injunctive Relief Work

B.    Defendants shall perform the work set forth in A above as follows: Defendants shall submit a permit application no later than March 14 and shall perform the work within 30 days from the date of issuance of the permit.

### Dismissal Of Injunctive Relief Aspect Of The Lawsuit Only

C.    Plaintiff shall dismiss the injunctive relief aspect of the lawsuit against defendants within thirty (30) days from the date the parties and their counsel execute this Mutual Release And Settlement Agreement.

### Court Retention Of Jurisdiction

D.    The court shall retain jurisdiction to enforce the terms of this Settlement Agreement, and this Settlement Agreement shall either be an exhibit to the dismissal of the action or incorporated by reference in the dismissal as if set forth in full.

### Release

E.    Except for all obligations required in this Mutual Release and Settlement Agreement, except for any and all obligations for defendants to pay plaintiff's damages and attorneys' fees, litigation expenses, and costs, and except for any agreement between defendants setting forth their rights and obligations to each other, each party, on behalf of each, its officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, successors and representatives releases and forever discharges each other party and all of its officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees,

agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each such party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the disputes between the parties with respect to injunctive relief.

    F.    Each of the parties to this Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Agreement, any or all of them will incur, suffer, or experience some further loss with respect to the injunctive relief aspect of the lawsuit which is in some way caused by or connected with the occurrences or happenings referred to in this Agreement or in connection with the injunctive relief aspect of the lawsuit but which are unknown or unanticipated at the time this Agreement is signed. Except for all obligations required in this Mutual Release and Settlement Agreement, the parties intend that this Agreement apply to all such further loss with respect to the injunctive relief aspect of the lawsuit, except such loss caused or incurred subsequent to the execution of this Agreement.

    G.    This Agreement shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Agreement as set forth above, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

### Compromise

    H.    This Agreement is the result of a compromise and shall never at any time

or for any purpose be considered an admission of liability or responsibility on the part of any of the parties.

### Advice Of Counsel

I.  All parties have obtained the advice of legal counsel of their own choosing prior to signing this Agreement and the parties have entered into this Agreement voluntarily.

### Representation And Warranty

J.  Each of the parties to this Agreement represents and warrants that each is the owner of the claims, demands, obligations, causes of action, and other matters released herein and that each has not assigned, granted, transferred, or otherwise disposed of any claims, demands, obligations, or causes of action which each at any time may have, had or purported to have had against any of the parties to this Agreement, or any of their directors, officers, employees, agents, attorneys, representatives, parent companies, subsidiaries, divisions, shareholders, predecessors, successors, heirs, partners, joint venturers, assigns, personal representatives, or similar persons or entities.

### Authority

K.  The signatories to this Agreement on behalf of each party warrant and represent that they have the authority to execute this Agreement and to bind said parties.

### Assumption Of Risk

L.  Each of the parties to this Agreement understands that if any fact with respect to any matter covered by this Agreement is found to be other than or different from the facts now believed by them to be true, each expressly accepts and assumes the risk of such possible differences of fact and agrees that this Agreement shall be and will remain effective

notwithstanding any such differences in fact. Furthermore, each of the parties to this Agreement understands and warrants that each is not relying on any representation from any other party to this Agreement.

### Defense To Other Proceeding

M. This Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.

### Enforceable

N. If any provision or term of this Agreement or its application to any person, entity or circumstance shall be held by a court to be invalid or unenforceable, the remainder of this Agreement or the application of such provision to persons, entities or circumstances other than those as to which it is held invalid or enforceable shall not be affected, and each provision of this Agreement shall be enforced to the fullest extent permitted by law.

### Written Modifications

O. No supplement, modification, waiver or amendment with respect to this Agreement shall be binding unless executed in writing by the party against whom enforcement of such supplement, modification, waiver or amendment is sought.

### Counterparts And Facsimile Signatures

P. This Agreement may be signed in counter parts by the parties and shall be valid and binding on each party as if fully executed all on one copy, and facsimile signatures shall be valid and of the same force and effect as original signatures.

### Further Documents

Q. The parties to this Agreement agree to prepare and execute all further

documents reasonably necessary to accomplish the provisions of this Agreement.

### Federal and California Law

R.   Federal and California law shall govern all aspects of this Agreement, and any ambiguity about the meaning of any part of this Agreement shall not be presumptively construed against the drafter.

### Entire Agreement

S.   This Agreement constitutes the entire agreement among the parties, and all other agreements, representations and warranties of any kind are suspended and merged into this Agreement.

### Intention Of Parties

T.   This Agreement and Release will be broadly construed for the purpose of carrying out the intentions of the parties.

### Damages And Attorneys Fees The Subject Of Continuing Litigation

U.   The damages and attorney's fees, litigation expenses, and cost aspects of this lawsuit are not a part of the Mutual Release And Settlement Agreement and are the subject of continuing negotiation and litigation in this action. If the parties are not able to resolve the amount of damages and attorneys' fees, litigation expenses, and costs by negotiation, the parties will continue to litigate the damages aspect of the lawsuit and plaintiff will make a motion to the court for her attorneys' fees, litigation expenses, and costs following the resolution of the damages aspect of the lawsuit.

Wherefore, the Parties and their counsel have executed this "Mutual Release and Settlement Agreement" as hereafter set forth on page 8.

## PLAINTIFF

Date: 2/28/08

/s/ Hollynn Delil
_____
Hollynn Delil

## DEFENDANTS

Date: 2/28/08

Tarasco Enterprises, Inc.
dba Puerta Vallarta Restaurant

/s/ Benjamin Suarez
By_____
Benjamin Suarez

Date: 2/28/08

H. Michael Richardson And Robin R.
Richardson, As Trustees Of The Richardson
Family Trust
  /s/ H. Michael Richardson
     Robin R. Richardson
By_____
  H. Michael Richardson and Robin R.
  Richardson

## **APPROVED AS TO FORM AND CONTENT**

Sidney J. Cohen
Professional Corporation

/s/ Sidney J. Cohen
_____
Sidney J. Cohen
Attorney for Plaintiff Hollyn Delil

Beck Law, P.C.

/s/ Daniel B. Beck
_____
Daniel B. Beck
Attorney for All Defendants

**Puerto Vallarta Restaurant Investigation**
3333 Cleveland Ave.
Santa Rosa, CA

Inspection conducted on 7.24.07 and 10.18.07
The following is a list of the accessibility issues observed:

**General**
The facility appears to be built in the 1980's.

**Parking**
1. There are five accessible parking spaces provided. The total number of parking spaces has not been verified; however the lot appears to have more than 50 spaces. (Photos #7-11)
2. One the parking spaces requires going behind another parked vehicle to reach the entry. (Photo #10)
3. One of the accessible spaces has a sign, but no marking on the pavement. (Photo #11)
4. The designated route from the accessible spaces passes an eroded edge of concrete with a +/- 4" drop off at the edge. (Photo #6)
5. There are no detectable warnings at the building apron. (Photo #5)
6. There is no towing notification sign.

**Entrance**
7. There is no ISA at the entrance. (Photo #12)
8. The entry doors (double) have a steep incline at the threshold. (Photo #12)
9. The doors are narrow frame glass doors and no kickplate has been provided on the push side of the door. (Photo #12)

**Accessible Route**
10. There is a marked pedestrian route from the sidewalk on Cleveland Avenue to the facility entrance. The route is adjacent to the vehicular lane and appears to apply to both disabled and non-disabled customers. (Photos #2-4)
11. The route goes over broken pavement and ends at the flared side of a built up curb ramp. (Photos #4-5)
12.
13. There are stairs between the Trader Joe's lot and the Puerto Vallarta lot. The stairs lack handrails and contrast striping. It is unknown when the stairs were installed or where the property line actually is. (Photo #22)

**EXHIBIT 1**

1

**Interior**
14. The seating is either booth or pedestal tables. The tables do not appear to have the required knee and toe clearances for wheelchair seating.
15. The bar is raised and no lowered section.

**Men's Restroom**
16. No geometric signage is provided.
17. The tactile sign adjacent to the latch side of the door is too low.
18. The accessible stall is 56" wide. (60" wide minimum required)
19. There is 56" of clear space in front of the toilet. (side opening- 60" minimum required)
20. There are no pulls on the stall door.
21. The latch on the stall door is broken.
22. The coat hook is 65" AFF. (48" AFF maximum required)
23. There is no side grab bar provided. (Photo #16)
24. The seat cover dispenser is 49" AFF. (40" AFF maximum required) (Photo #16)
25. The clear space outside of the stall entry door is 42". (pull side- 60" minimum required)
26. The towel dispenser is 51" AFF. (40" AFF maximum required) (Photo #13)
27. The soap dispenser is 45" AFF. (40" AFF maximum required) (Photo #14)
28. The insulation is missing at one of the lavatories. (Photo #14)

**Women's Restroom (Interior inspected on October 18, 2007)**
29. No geometric signage is provided.
30. The tactile sign is adjacent to the hinge side of the door rather than the latch side and is too low. (60" AFF to centerline required)
31. The entry door has both a closer and a latch and 12" of clearance on the push/pull side of the door is not provided. (push/pull side-18" minimum required) (Photo #18)   This will not require replacing the door.
32. The accessible stall is 48" wide x 72" long. (60" wide minimum required) (Photo #20)
33. There is 45" of clear space in front of the toilet (end opening- 48" minimum required) (Photo #20)
34. There are no pulls on the interior side of the stall door. (Photo #21)
35. The outside edge of the side grab bar is 46" from the rear wall. (52" minimum required for stall toilet) (Photo #20)
36. The coat hook is 67" AFF. (48" AFF maximum required)
37. The seat cover dispenser is 48" AFF. (40" AFF maximum required) (Photo #20)
38. The towel dispenser is 51" AFF. (40" AFF maximum required) (Photo #19)
39. The soap dispenser is 50" AFF. (40" AFF maximum required) (Photo #19)

2