## MUTUAL RELEASE AND SETTLEMENT AGREEMENT
## FOR DAMAGES ONLY

This Mutual Release and Settlement Agreement ("Agreement") is entered into by Hollynn Delil ("Plaintiff") and Tarasco Enterprises, Inc. dba Puerta Vallarta Restaurant and H. Michael Richardson And Robin R. Richardson As Trustees Of The Richardson Family Trust ("Defendants").

This Agreement is intended by all parties to be binding in its entirety on themselves, their heirs, representatives, administrators, executors, agents, employees, officers, directors, predecessors, successors, subsidiaries, parent companies, partners, joint venturers, administrators, attorneys, receivers, trustees, assigns, insurers, and other beneficiaries or related entities of whatever kind.

### I. RECITAL

1. Disputes have arisen between the parties with respect to the their rights and obligations to each other in connection with that certain action in the United States District Court, entitled <u>Hollyn Delil v.Tarasco Enterprises, Inc., dba Puerta Vallarta Restaurant; H. Michael Richardson And Robin R. Richardson, As Trustees Of TheRichardson Family Trust; and Does 1-25, Inclusive</u>, Case No. C 07-4715, hereafter "the lawsuit."

2. The parties have resolved the injunctive relief aspect of the lawsuit and now desire to resolve the damages aspect of the lawsuit by compromise and settlement.

### II. RELEASE AND AGREEMENT

In consideration of the promises, releases, and other consideration as set forth below, it is agreed by and among the parties as follows:

### Damages

A.  Defendants shall pay to Plaintiff the sum of $12,500 for all damages of Plaintiff (including but not limited to physical injuries). The $12,500 amount shall be made payable to "Sidney J. Cohen Professional Corporation, in trust for Hollynn Delil" and shall be mailed or delivered to Sidney J. Cohen Professional Corporation , 427 Grand Avenue, Oakland, Ca. 94610 no later than May 16, 2008. If not so delivered or mailed by the due date, the amount due shall accrue interest from the due date until paid at the legal rate.

### Dismissal Of Damages Aspect Of The Lawsuit Only

B.  Plaintiff shall dismiss the damages aspect of the lawsuit against defendants within thirty (30) days from the date the parties and their counsel execute this Mutual Release And Settlement Agreement.

### Court Retention Of Jurisdiction

C.  The court shall retain jurisdiction to enforce the terms of this Settlement Agreement, and this Settlement Agreement shall either be an exhibit to the dismissal of the damages aspect of the lawsuit or incorporated by reference in the dismissal as if set forth in full.

### Release

D.  Except for all obligations required in this Mutual Release and Settlement Agreement, except for any and all obligations for defendants to pay plaintiff's attorneys' fees, litigation expenses, and costs, and except for any agreement between defendants setting forth their rights and obligations to each other, each party, on behalf of each, its officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, successors and representatives releases

and forever discharges each other party and all of its officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each such party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the disputes between the parties with respect to damages.

    E. Each of the parties to this Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Agreement, any or all of them will incur, suffer, or experience some further loss with respect to the damages aspect of the lawsuit which is in some way caused by or connected with the occurrences or happenings referred to in this Agreement or in connection with the damages aspect of the lawsuit but which are unknown or unanticipated at the time this Agreement is signed. Except for all obligations required in this Mutual Release and Settlement Agreement, the parties intend that this Agreement apply to all such further loss with respect to the damages aspect of the lawsuit, except such loss caused or incurred subsequent to the execution of this Agreement.

    F. This Agreement shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Agreement as set forth above, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

//

### Compromise

G. This Agreement is the result of a compromise and shall never at any time or for any purpose be considered an admission of liability or responsibility on the part of any of the parties.

### Advice Of Counsel

H. All parties have obtained the advice of legal counsel of their own choosing prior to signing this Agreement and the parties have entered into this Agreement voluntarily.

### Representation And Warranty

I. Each of the parties to this Agreement represents and warrants that each is the owner of the claims, demands, obligations, causes of action, and other matters released herein and that each has not assigned, granted, transferred, or otherwise disposed of any claims, demands, obligations, or causes of action which each at any time may have, had or purported to have had against any of the parties to this Agreement, or any of their directors, officers, employees, agents, attorneys, representatives, parent companies, subsidiaries, divisions, shareholders, predecessors, successors, heirs, partners, joint venturers, assigns, personal representatives, or similar persons or entities.

### Authority

J. The signatories to this Agreement on behalf of each party warrant and represent that they have the authority to execute this Agreement and to bind said parties.

### Assumption Of Risk

K. Each of the parties to this Agreement understands that if any fact with respect to any matter covered by this Agreement is found to be other than or different from the

facts now believed by them to be true, each expressly accepts and assumes the risk of such possible differences of fact and agrees that this Agreement shall be and will remain effective notwithstanding any such differences in fact. Furthermore, each of the parties to this Agreement understands and warrants that each is not relying on any representation from any other party to this Agreement.

### Defense To Other Proceeding

L.  This Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.

### Enforceable

M.  If any provision or term of this Agreement or its application to any person, entity or circumstance shall be held by a court to be invalid or unenforceable, the remainder of this Agreement or the application of such provision to persons, entities or circumstances other than those as to which it is held invalid or enforceable shall not be affected, and each provision of this Agreement shall be enforced to the fullest extent permitted by law.

### Written Modifications

N.  No supplement, modification, waiver or amendment with respect to this Agreement shall be binding unless executed in writing by the party against whom enforcement of such supplement, modification, waiver or amendment is sought.

### Counterparts And Facsimile Signatures

O.  This Agreement may be signed in counter parts by the parties and shall be valid and binding on each party as if fully executed all on one copy, and facsimile signatures shall be valid and of the same force and effect as original signatures.

### Further Documents

P. The parties to this Agreement agree to prepare and execute all further documents reasonably necessary to accomplish the provisions of this Agreement.

### Federal and California Law

Q. Federal and California law shall govern all aspects of this Agreement, and any ambiguity about the meaning of any part of this Agreement shall not be presumptively construed against the drafter.

### Entire Agreement

R. This Agreement constitutes the entire agreement among the parties, and all other agreements, representations and warranties of any kind are suspended and merged into this Agreement.

### Intention Of Parties

S. This Agreement and Release will be broadly construed for the purpose of carrying out the intentions of the parties.

### Attorneys Fees The Subject Of Continuing Litigation

T. The attorney's fees, litigation expenses, and cost aspects of this lawsuit are not a part of the Mutual Release And Settlement Agreement and are the subject of continuing negotiation and litigation in this action. If the parties are not able to resolve the amount of attorneys' fees, litigation expenses, and costs by negotiation, plaintiff will make a motion to the court for attorneys' fees, litigation expenses, and costs.

Wherefore, the Parties and their counsel have executed this "Mutual Release and Settlement Agreement" as hereafter set forth on page 7.

**PLAINTIFF**

Date: 4/17/08

/s/ Hollynn Delil
_____
Hollynn Delil

**DEFENDANTS**

Date:

Tarasco Enterprises, Inc.
dba Puerta Vallarta Restaurant

/s/ Benjamin M. Suarez
By_____
Benjamin Suarez

Date:

H. Michael Richardson And Robin R. Richardson, As Trustees Of The Richardson Family Trust
/s/ H. Michael Richardson
/s/ Robin Richardson
By_____
H. Michael Richardson and Robin R. Richardson

**APPROVED AS TO FORM AND CONTENT**

Sidney J. Cohen
Professional Corporation

/s/ Sidney J. Cohen
_____
Sidney J. Cohen
Attorney for Plaintiff Hollyn Delil

Beck Law, P.C.

/s/ Daniel B. Beck
_____
Daniel B. Beck
Attorney for All Defendants